SCHWARTZ, Chief Judge
(dissenting).
The accepted unilateral offers in this case represent the ultimate in “contracts of adhesion,”[4] Pasteur Health Plan, Inc. v. Salazar, 658 So.2d 543 (Fla. 3d DCA 1995), review denied, 666 So.2d 901 (Fla.1996); Hussmann Corp. v. UPS Truck Leasing, Inc., 549 So.2d 215 (Fla. 5th DCA 1989). It is therefore the rule that any ambiguities or conflicts within or between the agreements must be resolved against the draftpersons. See Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975); Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 171 Cal.Rptr. 604, 623 P.2d 165 (1981). Applying both this doctrine and the principle that the use of different expressions implies that different meanings were intended, Ocasio v. Bureau of Crimes Compensation, 408 So.2d 751 (Fla. 3d DCA 1982), the applicable requirement was not that the puck “pass completely through” [emphasis supplied] the goal, as provided in the Spectator Agreement to Participate, but only the lesser one that it go “into and through” it, as stated in the first contract. On this point, I believe that the record contains ample evidence to support the jury’s conclusion that Mr. Giunto sent the puck “into and through” the goal (although perhaps not “completely” so) and was thus entitled to win.
The same legal reasoning applies to the term of the first contract that “the decisions of the judges ... are final in all matters relating to this sweepstakes” upon which the majority so heavily relies. That provision should be entirely disregarded because it conflicts with the Spectator Agreement, which contains no such term. Even if this is not the case, moreover, the judge’s decision clause is wholly invalid and unenforceable, because the omnipotent, omniscient judge (not, as provided, judges) turned out to be one Declan Bol-ger who is the Director of Promotions of the Florida Panthers, one of the defendant-sponsors. The rule that no person may be a judge in her own case, Power v. Chillingworth, 93 Fla. 1030, 113 So. 280 (1927), which applies universally, including to what the court deems the analogous arbitration situation, Gaines Constr. Co. v. Carol City Utilities, Inc., 164 So.2d 270 (Fla. 3d DCA 1963), precludes the defendants’ reliance on what amounts to their own denial of their own responsibility. Finally Bolger testified at trial. In my judgment, the jury could well conclude that his views were contrary not only to what clearly appeared on the videotape but to the laws of physics, and were thus based upon the “fraud, gross mistake, or lack of good faith” which would negate even an otherwise unbiased judge’s conclusion. See cases collected, .majority opinion at 1022. Under all of these circumstances, the majority is wrong to permit Bolger to act as the judge, jury, executioner and goalie in this dispute.
On the plaintiffs appeal from the order granting a new trial, I disagree with both of the grounds assigned by the trial court. The conclusion that an issue of the defendants’ fraud or misconduct was improperly inserted into the trial fails because, unlike the cases upon which the defendants rely, e.g., Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A v. Bowmar Instrument Corp., 537 So.2d 561 (Fla.1988), there is no showing that an unpled issue formed the basis of the verdict in the plaintiffs favor. The other ground, that the plaintiff improperly asked the jury in argument to punish the defendants because of their wealth and influence, is simply not justified by the record.
For these reasons, I would affirm on the cross-appeal, reverse on the appeal, and remand for entry of judgment on the jury verdict for the plaintiff.

. So much is this the case that some wag suggested at oral argument that the term, "contracts of superglue” would be more appropriate.